[Cite as *State v. Woullard*, 2017-Ohio-2614.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27216 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-356 |
| | : | |
| ERIC D. WOULLARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of April, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ERIC D. WOULLARD, Inmate No. 712-929, London Correctional Institution, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Eric D. Woullard, appeals pro se from the decision of the Montgomery County Court of Common Pleas overruling his petition for post-conviction relief in which he argued the sentences he received for multiple counts of nonsupport of dependents were void because the sentences should have been merged as allied offenses of similar import.   For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On May 13, 2014, Woullard pled guilty in Case No. 2014-CR-356 to two counts of nonsupport of dependents in violation of R.C. 2919.21(B).   Woullard also pled guilty to an additional count of nonsupport of dependents in Case No. 2014-CR-276.   The two counts in Case No. 2014-CR-356 arose from Woullard failing to pay child support for his children, Z.D. and E.D., between January 1, 2009 and May 31, 2010.   The single count in Case No. 2014-CR-276 arose from Woullard failing to pay child support for another one of his children, L.A.W., between June 1, 2008 and May 30, 2010.   Because Woullard had previously been convicted of a felony nonsupport violation under R.C. 2929.21, each of the counts in Case Nos. 2014-CR-356 and 2014-CR-276 were charged as felonies of the fourth degree.   *See* R.C. 2919.21(G)(1).

{¶ 3} The same day Woullard entered his guilty pleas, the Montgomery County Grand Jury returned an indictment in Case No. 2014-CR-01071 charging Woullard with yet another fourth-degree-felony count of nonsupport of dependents in violation of R.C. 2919.21(B).   This charge arose from Woullard failing to pay child support for a fourth

child, A.G., between the dates of January 1, 2012 and December 31, 2013.

{¶ 4} After accepting Woullard's guilty pleas in Case Nos. 2014-CR-356 and 2014-CR-276, the trial court ordered Woullard to appear in court for sentencing on June 12, 2014. Woullard, however, failed to appear as ordered, and the trial court issued a capias for his arrest. Woullard was apprehended seven months later on January 22, 2015.

{¶ 5} On February 3, 2015, Woullard appeared in court and pled guilty to the nonsupport charge in Case No. 2014-CR-01071. Woullard was then immediately sentenced for all three of his nonsupport cases. Specifically, the trial court sentenced Woullard to 18 months in prison for each of the two nonsupport counts in Case No. 2014-CR-356 to be served concurrently. In addition, for the single nonsupport count in Case No. 2014-CR-276, the trial court imposed another 18-month prison term to be served consecutively to the sentences in Case No. 2014-CR-356. The trial court also imposed an 18-month prison term for the nonsupport count in Case No. 2014-CR-01071 and ordered it to be served concurrently with the sentence in Case No. 2014-CR-276. Therefore, Woullard's total sentence for all three cases amounted to 36 months in prison.

{¶ 6} Woullard did not file a direct appeal from the convictions in any of his cases. Rather, on July 6, 2016, Woullard filed a "Motion to Vacate Void Sentence" in Case No. 2014-CR-356. Although he did not file the motion in the other two cases, Woullard argued in his motion that the aggregate 36-month prison sentence he received for all three cases was contrary to law and void because his nonsupport offenses were allied offenses of similar import that should have been merged at sentencing. Accordingly, Woullard claimed that the trial court should resentence him to a total prison term of 18 months.

{¶ 7} In ruling on Woullard's motion, the trial court construed the motion as a petition for post-conviction relief. Although the motion was only filed in Case No. 2014-CR-356, the trial court determined that the sentences Woullard received in all three cases were not contrary to law. In so holding, the trial court found that Woullard's offenses in those cases were not allied offenses of similar import as defined under R.C. 2941.25 and that his argument claiming otherwise was barred by the doctrine of res judicata. As a result, the trial court entered a judgment overruling Woullard's post-conviction motion, a decision that Woullard now appeals.

{¶ 8} In pursing his appeal, Woullard has raised two assignments of error for this court's review. Because his assignments of error are interrelated, we will address both assignments of error together.

**First and Second Assignments of Error**

{¶ 9} Woullard's First and Second Assignments of error are as follows:

I. THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW WHEN IT CONVICTED AND SENTENCED DEFENDANT ON ALLIED OFFENSES OF SIMILAR IMPORT VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ART. I. SEC. 10.

II. THE TRIAL COURT ERRED IN ABUSING ITS DISCRETION OVERRULING THE APPELLANT'S MOTION DUE TO RES JUDICATA, VIOLATIONG THE DUE PROCESS CLAUSES OF THE

FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ART. I. SEC. 10.

{¶ 10} Under his two assignments of error, Woullard contends that the trial court erred in overruling his petition for post-conviction relief. In support of this claim, Woullard argues that the aggregate 36-month prison sentence he received for the nonsupport offenses in all three of his cases is void because the offenses were allied offenses of similar import that should have been merged at sentencing. Woullard also argues that the trial court erred in finding that res judicata barred his allied offense claim. As a result of these alleged errors, Woullard requests this court to reverse his sentence and remand the matter for resentencing.

{¶ 11} As a preliminary matter, we note that Woullard's appeal is from the trial court's judgment overruling his petition for post-conviction relief entered in Case No. 2014-CR-356. Although in rendering that decision the trial court reviewed the sentences in Woullard's other cases, the fact remains that the present appeal is confined to Case No. 2014-CR-356; therefore, we do not have jurisdiction to issue a decision affecting the other two cases. This is true despite the fact that Woullard is appearing pro se, for he is nevertheless " 'presumed to know the law and correct procedure, and [is] held to the same standards as other litigants.' " *State v. Banks*, 2d Dist. Montgomery No. 25541, 2013-Ohio-4394, ¶ 18, quoting *Yocum v. Means*, 2d Dist. Dark No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 12} That said, after reviewing the record, we find that Woullard's allied offense argument is barred by res judicata because he could have, but did not, raise the argument on direct appeal. "Under the doctrine of res judicata, a final judgment of conviction bars

a convicted defendant who was represented by counsel from raising and litigating * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. It is well settled that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 13} Despite this, Woullard contends that res judicata did not bar him from raising his allied offense claim in his petition for post-conviction relief because the alleged allied offense error renders his sentence void and void sentences are not precluded from appellate review by principles of res judicata.

{¶ 14} However, in *State v. Williams*, Sup. Ct. Slip Opinion No. 2016-Ohio-7658, (Nov. 10, 2016), the Supreme Court of Ohio recently made clear that "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error [regarding the failure to merge] must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id.* at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3; *See also State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 10 (finding res judicata barred defendant's allied offense argument because he could have raised it on direct appeal, but filed no direct appeal).

{¶ 15} On the other hand, the Supreme Court contrasted that situation from a

situation where the sentencing court concludes that an offender is guilty of allied offenses of similar import and then imposes separate sentences instead of merging them. Under those circumstances, the Supreme Court held that the sentences are contrary to law and void and that res judicata would not preclude a court from correcting those sentences after a direct appeal. *Williams* at ¶ 2, 26-29. That is not the case here.

{¶ 16} In the present case, the trial court did not make any finding as to whether Woullard's sentences were allied offenses of similar import at the sentencing hearing and Woullard did not appeal his convictions. Accordingly, Woullard's argument that his nonsupport offenses should have merged is barred by res judicata. *Williams* at ¶ 26; *Dominguez* at ¶ 10.

{¶ 17} Regardless, even assuming res judicata was inapplicable to the case at bar, it is clear that Woullard's offenses are not allied offenses of similar import. Ohio's allied offense statute, R.C. 2941.25, provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 18} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the

Supreme Court of Ohio clarified the applicable standard when determining whether offenses merge as allied offenses of similar import and provided as follows:

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶ 30-31.

**{¶ 19}** As to the question of import and significance, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23.

**{¶ 20}** In this case, each of Woullard's nonsupport offenses arose from separate acts of him failing to pay child support. Furthermore, each child for whom Hudson failed

to pay said child support, i.e., Z.D., E.D., L.A.W., and A.G., constitute separate victims who suffered separate harm by his conduct. Accordingly, Woullard's nonsupport offenses do not meet the allied offense standard in R.C. 2941.25.

**{¶ 21}** For the foregoing reasons, Woullard's First and Second Assignments of Error are overruled.

## Conclusion

**{¶ 22}** Having overruled both assignments of error raised by Woullard, the judgment of the trial court overruling his petition for post-conviction relief is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Alice B. Peters
Eric D. Woullard
Hon. Mary Katherine Huffman