[Cite as *State v. Smith*, 2017-Ohio-4327.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27272 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-3554 |
| | : | |
| RONALD A. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of June, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

RONALD A. SMITH, #516-443, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Ronald A. Smith appeals from the trial court's decision and entry overruling his pro se July 26, 2016 "Motion for Re-Sentencing Void Sentence Pursuant to R.C. 2941.25(A)."

{¶ 2} In his sole assignment of error, Smith contends the trial court erred in overruling his motion on the basis of res judicata and untimeliness.

{¶ 3} The record reflects that Smith was found guilty of aggravated robbery and aggravated burglary in 2005. The trial court imposed two consecutive 10-year prison terms. This court affirmed on direct appeal in *State v. Smith*, 2d Dist. Montgomery Nos. 21463, 22334, 2008-Ohio-6330, setting forth the following facts underlying the convictions:

During the evening hours of September 27, 2004, two African-American males, one identifying himself as "Little Ronnie," kicked in the front door of Latisha Robinson's apartment and entered. The man identifying himself as Little Ronnie, was armed with a gun. He got in her face and demanded to know where her boyfriend, Corey Pullings, was. The other man went to her back door and opened it, allowing three additional men to enter the apartment.

When Robinson denied any knowledge of Pullings, Little Ronnie went upstairs in the apartment, tearing the handrail off the wall, and he went into Robinson's bedroom putting the gun to her son's head. He then demanded Robinson give him something to get him to leave. Robinson gave one of the men sixty dollars and her cell phone.

Meanwhile, the four men downstairs ransacked Robinson's apartment, toppling furniture and rummaging through boxes, throwing things to the floor. The men took additional items from the apartment, including radios and CD's. During the ransacking of the apartment, the gunman, who repeatedly identified himself as "Little Ronnie," and Robinson were engaged in a confrontation in the dining room where he attempted to force Robinson to lay on the floor "like execution style." Finally, after the other men exited the apartment, "Little Ronnie" ran out, too.

Robinson then escaped to a neighbor's apartment, where the police were called. The next day, Detective Ward, of the Montgomery County Sheriff's Office prepared a photo spread containing a picture of Ronald Smith, the only individual the detective knew that called himself "Little Ronnie." Robinson could not identify anyone in the photo spread. Subsequently, when Robinson was viewing serial photos on the detective's computer screen, a photo of Smith came up, showing his gold teeth that were not displayed in the prior photo. Robinson indicated that this picture of Smith "could possibly be the person who was in her house."

Subsequently, a neighbor, who had opened his door while Smith and the others were knocking at Robinson's door, immediately picked out Smith from a photo spread as the man at her door, and who had identified himself as Little Ronnie.

Smith was arrested. After being Mirandized, Smith admitted that he and four others were knocking at Robinson's apartment looking for Corey

Pullings, but claimed that he left after being told that he was not there. He claimed that one of the other men kicked in the door and entered, but denied that he ever entered the apartment. Prior to trial, Smith made a number of phone calls attempting to get Robinson to take a payoff to drop the charges, and attempting to set up an excuse for why he was in the area.

*Id.* at ¶ 3-8.

{¶ 4} Following his conviction, Smith has filed thirteen motions for a new trial, and other motions for resentencing or other relief. In the present motion, he argued that his crimes were allied offenses of similar import, rendering his two sentences void and subject to being challenged at any time. The trial court correctly construed Smith's motion as an untimely petition for post-conviction relief under R.C. 2953.21. Unexcused untimeliness of a post-conviction relief petition deprived the trial court of jurisdiction to consider the merits of Smith's motion. *State v. West*, 2d Dist. Clark No. 08CA0102, 2009–Ohio–7057, ¶ 7. The trial court also found his allied-offense argument barred by res judicata because it was based on information in the record and, therefore, could have been raised on direct appeal. For these reasons, the trial court overruled the motion.

{¶ 5} On appeal, Smith argues that a void sentence can be challenged at any time and is not subject to res judicata. He claims his sentences are void, not merely voidable, because the trial court determined at the time of his conviction that his offenses were allied and were committed with the same purpose. Therefore, he asserts that the trial court disregarded a statutory requirement when it failed to merge his two convictions for sentencing.

{¶ 6} Upon review, we find Smith's argument to be unpersuasive. We agree that a

void sentence can be challenged at any time and is not subject to res judicata. *State v. Vanover*, 2d Dist. Clark No. 2014-CA-80, 2015-Ohio-345, ¶ 8. We note, however, that sentences are not void " 'when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied[.]' " *State v. Woullard*, 2d Dist. Montgomery No. 27216, 2017-Ohio-2614, ¶ 14, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.2d 234, ¶ 26. In such a case, " 'imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.' " *Id.* On the other hand, sentences are contrary to law, are void, and are not subject to res judicata, but only "where the sentencing court concludes that an offender is guilty of allied offenses of similar import and then imposes separate sentences instead of merging them." *Id.* at ¶ 15, citing *Williams* at ¶ 2, 26-29.

{¶ 7} Here Smith claims the trial court found that his offenses were allied offenses of similar import but proceeded to impose separate sentences. If that were true, his argument about the inapplicability of untimeliness and res judicata could be correct. But Smith has not cited anywhere in the record where the trial court concluded that his offenses were allied offenses of similar import. He first asserts, without citation, that "the Judge determined that the Defendant's charges were allied and committed with the same purpose[.]" (Appellant's brief at 5). He then does cite a portion of the jury instructions. (*Id.*, citing Trial Tr. at 476-478). As quoted in his brief, however, those instructions merely defined the offenses for the jury. They did not constitute a finding by the trial court that Smith's offenses qualified as allied offenses of similar import under R.C. 2941.25(B).

{¶ 8} Notably, Smith previously argued in a March 28, 2014 "Motion to Correct

Unlawful Sentence" filed below that "the Judge failed to make the necessary inquiry to determine whether the Defendant had allied offenses of similar import which constituted *plain error*." In that earlier motion, Smith argued that his sentence was void, and he requested an allied-offense hearing. The State filed a memorandum in opposition to the motion on April 25, 2014. With regard to allied offenses, it argued that Smith separately had committed aggravated burglary and aggravated robbery and that allied offenses did not exist. On November 18, 2014, the trial court overruled Smith's March 28, 2014 motion for the reasons contained in the State's memorandum, which it adopted as its own. Smith appealed the trial court's ruling on December 8, 2014, but this court dismissed the appeal for lack of prosecution on May 5, 2015. Therefore, the only ruling by the trial court on the record is a finding that Smith's offenses *are not* allied offenses of similar import. In any event, Smith certainly has not established that the trial court imposed separate sentences after expressly finding that allied offenses of similar import did exist. Therefore, he has not shown that his two sentences are void. *Woullard*, *supra*. That being so, the trial court did not err in finding res judicata applicable to Smith's allied-offense argument or in finding that he filed his motion years beyond the time permitted.

{¶ 9} Smith's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Ronald A. Smith

Hon. Dennis J. Langer