[Cite as *State v. Russell*, 2018-Ohio-518.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-56 |
| | : | |
| v. | : | T.C. NO. 2009-CR-873 |
| | : | |
| CHRISTOPHER RUSSELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of February, 2018.

. . . . . . . . . . .

ANDREW PICKERING, Atty. Reg. No. 68770, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee


CHRISTOPHER RUSSELL, Inmate No. 646718, 670 Marion Williamsport Road, P.O. Box 1812, Marion, Ohio 43301
        Defendant-Appellant, Pro se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the June 9, 2017 pro se Notice of Appeal

of Christopher Russell.  Russell appeals from the May 17, 2017 "Entry" issued by the

Clark County Court of Common Pleas denying the release of personal property removed from Russell's home by investigators of the Clark County Sheriff's Office. The trial court determined that the items were "identified and admitted as exhibits during defendant's trial and are now part of the trial record * * * and not returnable." We hereby affirm the judgment of the trial court.

{¶ 2} Russell was convicted, after a jury trial, of rape, gross sexual imposition, pandering obscenity involving a minor, and sexual battery. This Court affirmed his conviction and 75-year sentence on September 21, 2012. *State v. Russell*, 2d Dist. Clark No. 2011-CA-10, 2012-Ohio-4316.

{¶ 3} Russell and his family members have filed various motions regarding the personal property that was seized from his home. For example, Russell's wife, Armelita Russell, filed a pro se "Motion for Return of Personal Property" on January 23, 2013. The State responded on January 24, 2013, asserting that the "majority of the property seized as part of this case (computers, computer components, etc.), contained child pornography and other evidence of criminal acts." The State further asserted that Armelita "fails to specifically state what property she seeks to recover that is not evidence or contraband."

{¶ 4} On June 18, 2014, Russell himself filed a pro se "Motion for Return of Property," seeking "all property ceased [sic] during the execution of the warrant on October 5, 2009 at * * * Weinland, New Carlisle, Ohio during the initiation of the action beginning this case." The State responded on July 1, 2014. On July 7, 2014, the trial court issued an "Entry" ordering the State to provide, no later than July 17, 2014, a copy of the property receipts listing the items in its possession taken from Russell's residence

on October 5, 2009. On July 24, 2014, Russell filed a response to the "Entry," asserting that no property receipts were received.

{¶ 5} On August 5, 2014, Russell filed a pro se "MOTION Continuing Effort of Return of Property," which lists multiple "articles" of property. The court scheduled a hearing on February 12, 2015 regarding the property. On April 14, 2015, the court issued an "Entry" that provides in part as follows:

> Following a hearing and subsequent information provided by the Clark County prosecutor's office indicating that the property stone [sic] in possession of the Clark County Sheriff's Department does not contain any contraband material, the court finds that the defendant's motion is well taken.

> IT IS ORDERED that the personal property listed in the defendant's motion and currently in the possession of the Clark County Sheriff's Department be released to the defendant or his authorized designee.

{¶ 6} On January 20, 2017, Russell's mother, Ellen Russell, filed correspondence dated December 11, 2016 which provides: "This is concerning the notarized letter dated February 17, 2016 and the list that is attached to it. The letter is still true and correct; the articles in the mentioned letter have not been returned as ordered on February 12, 2015." Ellen's affidavit provides:

> * * *

> Of Articles 1 through 20, numbers 11, 12, and 20 were returned to me, Ellen Russell, on February 12, 2015, from the Clark Co[.] Courthouse[.] Remaining items kept for further examination at prosecutor's request[.]

On May 7, 2015 remaining articles, except 6, 8, 10 and 19, were returned to me, Ellen Russell, from the evidence room of Clark Co Sheriff's office[.] A list of articles is attached to this statement with articles 6, 8, 10, and 19 circled and initialed. The whereabouts of these articles is unknown to me, Ellen Russell.

{¶ 7} The attached list of 20 articles has the following items circled and initialed "ER.":

Article 6: Kodak CW330 Easyshare Digital Camera, SN KCGFU54200209
Item not shown as instrumentality of a count of a charge

* * *

Article 8: Dell B-130 Inspiron Laptop PC, SN: 00043-705-517-037
Item not shown as instrumentality of a count of charge.
First 0 in SN may be a 6.

* * *

Article 10: Homebuilt PC with Mercury Eros Sticker.
Item not shown as instrumentality of a count of charge.

* * *

Article 19: Box of thee [sic] Trojan Condoms and Rite Aid Lubricant.
Item not shown as instrumentality of a count of charge.

{¶ 8} The trial court's May 17, 2017 "Entry" provides as follows:

This matter is before the Court on the pro se motion of the defendant, the defendant's wife, Armelita Russell, and the defendant's mother, Ellen Russell for the return of personal property removed from the defendant's residence by investigators of the Clark County Sheriff's Department. The prosecuting attorney originally filed a response objecting to the return of property used as evidence in the prosecution of the case.

Subsequently, it was determined that a number of items had been seized as part of the investigation which were not used as evidence during the trial and which were not in themselves contraband. An entry was filed ordering those items to be returned and they were turned over to the defendant's family.

The defendant's mother is now demanding the return of five specific items which she alleges should have been returned pursuant to the order filed on February 12, 2015, but were not returned. She seeks the return of the following:

1) Kodak digital camera

2) Dell B-130 Inspiron Laptop computer

3) Homebuilt PC with Mercury Eros Sticker

4) Box of Trojan condoms

5) Rite Aid Lubricant

Upon review of the court's record, the Court finds that each of these items were identified and admitted as exhibits during the defendant's trial and are now part of the trial record. As such, they are now part of the public record of this case and not returnable.

Therefore, the Court finds the motion for the return of these items is not well taken and the same is DENIED.

{¶ 9} Russell asserts two assignment of error herein, which we will consider together. They are as follows:

THE CLARK COUNTY COURT OF COMMON PLEAS HAD NO

SUBJECT MATTER JURISDICTION OVER THE ITEM FILED WHICH BECAME THE RULING OF 17 MAY 2017 CONCERNING THE PROPERTY ISSUES OF 2009-CR-0873.

And,

THE CLARK COUNTY COURT OF COMMON PLEAS IS IGNORING THE SPIRIT AND LETTER OF THE LAW CONCERNING CRIMINAL RULE 26.

{¶ 10} Russell presents the following "Issues":

Issue 1: When a court lacks jurisdiction over an issue, it has no authority to make a ruling in that issue. A ruling derived from an affidavit mistakenly filed outside its attached case and construed as a motion must be subsequently considered void. Issue is core to Error 1.

Issue 2: Items taken in the course of an investigation should be returned to the owner or party with interest in the property at the earliest convenience. Any record of the items used as exhibits not forfeited as an instrumentality should also be returned with photographs substituted as proof of the existence of the items. Only items relevant to an element of the offense will be retained either as physical property or as a photographic record. Issue is core to Error 2.

{¶ 11} Russell asserts as follows:

In the course of filing the appellate brief which became *State v. Russell*, 2d Dist. Clark No. 16-CA-48, 2017-Ohio-7198, documents were filed requesting a Writ of Mandamus concerning the property in question in

this issue. A necessary affidavit to support this issue was delivered to the court separately to be filed with the motion requesting the writ. Due to an error with the filing, the motion requesting the writ was filed with the appellate brief and was passed along with that brief (16-CA-48 ¶ 18). The affidavit, delivered by Ellen Russell, was misfiled with 2009-CR-0873 and construed as a motion to return property filed by an individual with interest in the property. The Request for Writ of Mandamus related to that affidavit is still pending as 17-CA-0052.

Mr. Russell simultaneously filed a request for a Writ of Prohibition (2d Dist. Clark No. 17-CA-0057, denied) and a protective Notice of Appeal which became this case.

**{¶ 12}** Russell asserts that "the property used as an exhibit are not supportive of any element of a charged offense and therefore should be returned with photographs retained as exhibits to show the item's existence." Russell asserts as follows:

Criminal Rule 26 stipulates that physical property under the control of the Prosecuting Attorney should be returned to the owner at the earliest possible time. This includes the time prior to trial. Property used and kept must meet the relevancy requirements of the Ohio Evidence Rules. All the items still in the possession of the State were used simply as a means of proving the existence of the items. No where [sic] does the State link the property itself directly to a charged act and they in no way raise the chance of a charged act being committed from possible to probable; a threshold necessity for any evidence to be admissible.

The Prosecutor, via a[n] OBCII computer specialist, introduced items from the "unallocated space" and "browser cache" of the tower computer and laptop. This space consists of items that were deleted or automatically moved to the computer via visits to a website. At no time were their dates of use or evidence of attempts to access this data introduced as evidence (in fact the deleted items contained no date information whatsoever.) These items therefore cannot be said to be knowingly or actively possessed by the owner of the computer and therefore are inadmissible as evidence (*United States v Flyer*, 663 F.3d 911, *United States v Dobbs*, 629 F.3d 1199).

The digital camera introduced as evidence was not shown to have produced any obscene images (in fact no obscene images were introduced as evidence), therefore it was not relevant to any charged offense and only proved to show that the defendant had the ability to create digital images (though the camera itself belonged to his spouse, a fact not mentioned in the record).

The box of condoms and lubricant were never fingerprinted to show who may have handled them and no effort to show they existed at the time of a charged offense was made (contrary to any order by the bench to only introduce evidence relevant to the time charged).

As these items were only introduced to demonstrate the existence of items mentioned during testimony, the same logic applied to the defendant's house would have permitted the State to seize that house as evidence and

send the jury on a tour of the house to show its existence (and then never let the defendant re-enter). Counsel for the State did not do this, instead showing the jury photographs of the house. In any case, the existence of the house in general (like the other property) was not supportive of any actual act and therefore did not contribute any weight or sufficiency of evidence to the State's case.

{¶ 13} Russell asserts that he "has been attempting to have property taken from his residence returned now for over five years." He asserts that the "original reason for the non-return of property upon Mr. Russell's request was the definite claim of contraband. This claim was never demonstrated to be factual and all subsequent rulings by the court are absent any statements affirming this claim." According to Russell, "the claim that Mr. Russell's property contained contraband constitutes perjury as it was likely a deliberate lie." He argues that his property "has never been subject to a forfeiture hearing. Therefore they have been retained by the State without due process." Russell asserts that any "member of the Bar participating in the effort to retain the property is complicit with this deprivation of civil right." Finally, Russell argues that the "above questions of ethics demonstrate clear evidence which question the fitness of members of the Clark County Prosecutor's Office to function as legal professionals."

{¶ 14} Regarding Russell's first assignment of error, the State responds that Russell "claims that the letter/affidavit was not intended to be filed in the criminal case, but does not show in the record how he can determine the intent of his mother, who actually filed the letter/affidavit." According to the State, the "letter/affidavit was filed in a criminal case, over which the trial court possessed subject matter jurisdiction. The trial

court's ruling was not 'void.' "

{¶ 15} In response to Russell's second assignment of error, the State asserts that Crim.R. 26 does not apply. According to the State, the "five items in question are not under the control of the Clark County Prosecuting Attorney – they were admitted as exhibits at trial, and are now under the control of the trial court. Moreover, the use of photographs is conditioned on being under 'appropriate' circumstances, and only 'by court order.' " The state argues that there "is no court order regarding photographs of the five items being admitted as exhibits in lieu of the actual items."

{¶ 16} The State further asserts that a "trial court has the power to decide how to construe 'no-name' motions," and the trial court "properly construed the letter/affidavit as a motion for the return of property." The State asserts that the "five items have been admitted into evidence, and are no longer under the control of the Clark County Prosecuting Attorney or any other law enforcement agency. This difference makes cases like *State v. Bolton*, 2d Dist. Montgomery No. 27154, 2017-Ohio-7263, inapposite." According to the State, "[f]orfeiture is not the issue; rather, the real issue is the power of a trial court to control exhibits admitted into evidence."

{¶ 17} The State directs our attention to Sup.R. 26(F). The State asserts that given "the continued efforts by Defendant to re-litigate his case * * * release of the five items would be premature. Thus, the trial court's decision not to release the five items from the custody of the court/the clerk of court was not an abuse of discretion."

{¶ 18} Attached to the State's brief is a copy of the trial court's decision of May 17, 2017. Also attached is a Decision and Final Judgment Entry issued July 16, 2015, by this Court that provides as follows:

Relator, Christopher Russell, has filed a petition for a writ of mandamus and/or procedendo. In the first paragraph of his petition, Russell asks this court to compel respondent, Judge Richard J. O'Neill of the Clark County Common Pleas Court, to "resolve the issue of property pertaining to Case 2009-CR-0873 or direct [Respondent] to rule upon the same." In the final paragraph, Russell asks the court to grant his petition and "issue a Writ of Mandamus and/or Procendo [sic] instructing the Honorable Richard J. O'Neill to immediately release the property and contact the individuals listed in the attached motions concerning the availability of the property for retrieval."

{¶ 19} This Court noted that the trial court held the February 12, 2015 hearing regarding Russell's property and quoted from the April 14, 2015 "Entry" ordering the release of the property. This Court then determined as follows:

On May 7, 2015, this court ordered Russell to show cause why his petition for a writ of mandamus and/or procedendo should not be dismissed as moot, where, to the extent mandamus relief was available to Russell to compel respondent to rule upon the pending motion(s) for the return of Russell's personal property, it appeared respondent had provided the relief sought.

Russell filed a response to the court's order to show cause on May 22, 2015. There, he argues that the April 14, 2015 entry "appears incomplete as to the disposition of four items of property which were not returned." Russell states that the prosecution argued during the February

hearing that these four items contained contraband and should not be returned. According to Russell, however, respondent's April 14, 2015 Entry does not address the prosecution's argument but "indicates on its face that all property should be returned." Ultimately, Russell argues that respondent has not conducted a lawful forfeiture hearing related to any property taken in relation to case no. 2009-CR-0873.

Upon consideration, this court does not find Russell's response well-taken. It is well-established that mandamus or procedendo may be used to compel an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, but they cannot control judicial discretion. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987); R.C. 2731.03. Here, respondent has ruled upon the pending motion(s) for the return of Russell's personal property, thereby exercising his judgment. If Russell seeks to challenge respondent's ruling, the proper vehicle is an appeal. Neither mandamus nor procedendo will issue when the relator has an adequate legal remedy. *State ex rel. Mace v. Lanzo*, 7th Dist. Mahoning No. 09 MA 153, 2010-Ohio-611, ¶ 6.

Russell's petition for a writ of mandamus and/or procedendo is DENIED, and this matter is DISMISSED.

**{¶ 20}** In Reply to the State's brief, Russell asserts that he "has requested Ellen Russell, the individual who submitted the affidavit the court has construed as a request for property, to submit an additional affidavit to the court clarifying her intentions. Therefore, this should satisfy the question of law as to whether the Common Pleas court

had initial subject matter jurisdiction."

**{¶ 21}** Russell further asserts as follows:

As to the second assignment of error, the State may be technically correct that once an item is an exhibit, Crim.R. 26 may not apply. However, Crim.R. 26 is to be applied *before the items become exhibits.* Consideration under Crim.R. 26 is to be done before trial and images taken of any item who's [sic] existence is relevant to the case but not an instrumentality of any element of a charged offense. As to the point of [there] being no court order to have the items photographed, there was no need as the Clark County Sheriff photographed the items and these same photographs were submitted as evidence * * *. The State has not detailed why the physical items are still needed as evidence as the only issues they can argue in further litigation of the case on appeal is what is in the record at the time. * * *

**{¶ 22}** Russell asserts as follows:

The State cannot use the discretion inherent to Criminal Rule 26 to avoid addressing the issues of relevance inherent to the rule. The tower computer, laptop computer, the digital camera, the condoms and lubricant were never linked to an element of any offense and were only used to demonstrate their existence. Under the spirit-of-the-law doctrine, Sup.R. 26(2) would indicate holding unnecessary physical property while having pictures in the record would be contrary to that spirit as the goal is "efficiency" and the "[simplification of] the maintenance, preservation, and

destruction of court records."

The purpose of Appellant's effort to have this property returned has been to have it independently examined for the information requested in 17-CA-0052 and the only logical reason for the State not to return the property is to avoid the discovery that the information retrieved from the tower and laptop computer was outside the boundaries of the temporal limits set by the Court of Common Pleas for the admissibility of evidence. The tower was built after the last alleged incident and the laptop had drive cleaning software installed and run after the last alleged incident. Additionally, as the required image for the pandering charge was never found, the camera cannot be said to have produced any offensive images. Lastly, the condoms and lubricant were never fingerprinted and, as the product was still either in a wrapper or the tube, could not have been used in any act of any charged offense.

{¶ 23} Russell asserts that the State's initial response to his effort to reclaim his property by claiming that the items were contraband "has proven incorrect." He argues that "the retention of the property serves no purpose as far as any continued investigation and prevents the presentation of potentially exculpatory information. The State is not harmed by the release of this property, yet the Appellant is."

{¶ 24} On November 9, 2017, correspondence from Ellen Russell addressed to this Court was filed. It provides:

To the 2nd Dist. Court of appeals concerning case number 17-CA-0056; the item I filed was an attachment to a motion by Christopher M[.]

Russell intended for the appellate court and not an attempt by me to obtain the property. The item was a supportive affidavit and at no time have I filed to obtain property from the Court of Common Pleas.

{¶ 25} We note that on May 26, 2017, Russell filed in this Court a "Request for Writ of Mandamus," asserting that the property at issue "was ordered returned in the Judgment Entry of April 14."

{¶ 26} We initially conclude that the trial court had subject matter jurisdiction over Russell's case. R.C. 2931.03. Further, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. We further find that the trial court properly categorized Ellen Russell's filing as a demand for the return of the five items and ruled upon it. Ellen's November 9, 2017 filing is of no effect. Russell's first assignment of error is accordingly overruled.

{¶ 27} Regarding Russell's second assignment of error, Crim.R. 26, upon which Russell relies, provides as follows:

Physical property, other than contraband, as defined by statute, under the control of a Prosecuting Attorney for use as evidence in a hearing or trial should be returned to the owner at the earliest possible time. To facilitate the early return of such property, where appropriate, and by court order, photographs, as defined in Evid. R. 1001(2), may be taken of the property and introduced as evidence in the hearing or trial. * * *

{¶ 28} We agree with the State that Crim.R. 26 does not apply to the items identified in Ellen Russell's motion (as Russell concedes in his reply brief). There was never a court order to facilitate the early return of the property by means of photographs to be used at trial. Trial herein occurred in January of 2011, seven years ago, and the items are no longer in the control of the prosecutor.

{¶ 29} It is well settled that "[t]he admission or exclusion of evidence rests soundly within the trial court's discretion." *State v. Black*, 181 Ohio App.3d 821, 2009-Ohio-1626, 911 N.E.2d 309, ¶ 13. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. The record reflects that the box of condoms was admitted as State's Exhibit 16-A; the lubricant was admitted as State's Exhibit 16-B; the laptop computer was admitted as State's Exhibit 21-A; the Mercury Eros computer tower was admitted as State's Exhibit 22; and the Kodak camera was admitted at State's Exhibit 30-A. The court's order of April 14, 2015 clearly applied to the property that was not contraband and that was still in the possession of the sheriff's department. Russell is not entitled to the return of the exhibits used to support his convictions. Further, it "is well settled that 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' * * *." *State v. Woullard*, 2d Dist. Montgomery No. 27216, 2017-Ohio-2614. ¶ 12. Finally, we note that to the extent that Russell may be suggesting that the computer tower and laptop computer were inadmissible, the record reflects that Russell did not object to their admission, and any such argument is waived. For the foregoing reasons, Russell's second assignment of error is overruled, and the

judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

Andrew Pickering
Christopher Russell
Hon. Richard J. O'Neill