[Cite as *State v. Johnson*, 2019-Ohio-1186.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CAA110088 |
| | : | |
| BRIAN A. JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court
of Common Pleas, Case No.
13CRI040169



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         March 29, 2019



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                  BRIAN A. JOHNSON, PRO SE
DELAWARE CO. PROSECUTOR                 Inmate No. 707-245
HAWKEN FLANAGAN                         P.O. Box 5500
117 N. Union St., 3rd Floor             Chillicothe, OH 45601
Delaware, OH 43015

*Delaney, J.*

{¶1} Appellant Brian A. Johnson appeals from the October 15, 2018 judgment entries of the Delaware County Court of Common Pleas denying his motion to prohibit disposal of exhibits and to find the Clerk of Court in contempt for purported violation of a court order. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal. This case has a lengthy procedural history and the following relates to the instant appeal only.

{¶3} On January 17, 2014, the Delaware County Grand Jury indicted Appellant, Brian Johnson, on four counts of rape in violation of R.C. 2907.02 and four counts of sexual battery in violation of R.C. 2907.03. A jury trial commenced on May 20, 2014. Four of the counts were amended to attempted offenses and Appellant was found guilty as charged. By judgment entry filed July 8, 2014, the trial court merged some of the offenses and sentenced Appellant to an aggregate term of fourteen years in prison.

{¶4} Appellant filed a direct appeal and this Court affirmed his convictions and sentence. *State v. Johnson,* 5th Dist. Delaware No. 14CAA070039, 2015–Ohio–1676, *appeal not accepted,* 43 Ohio St .3d 1501, 2015–Ohio–4468. Appellant applied to reopen his appeal which the Supreme Court of Ohio declined to review on March 23, 2016. *State v. Johnson,* 145 Ohio St.3d 1425, 2016–Ohio–1173.

{¶5} Appellant filed numerous subsequent petitions for post-conviction relief and motions for resentencing.

{¶6}   Relevant here, on August 16, 2018, the trial court journalized a "Notice of Intent to Dispose of Exhibits" which notified the parties they had 60 days from the date of filing to retrieve exhibits, or the exhibits would be discarded by the court.

{¶7}   On October 9, 2018, appellant filed a "Defendant's Motion to Prohibit Court Administrator [ ] from Disposing of Any Exhibits, Depositions, or Transcripts Pursuant to Sup.R. 26(F)" and a "Defendant's Motion Charging Clerk of Court Deputy Agents with Contempt Pursuant to R.C. 2701.02, .03, & .04."   In the first motion, appellant argued he needed certain exhibits for his post-conviction proceedings, to wit, a "psychological report" of the victim and a transcript of the grand jury proceedings.   In the latter motion, appellant argued the Clerk violated a prior court order in failing to transfer the record to the case underlying the instant appeal.   The order appellant refers to is noted in our opinion on direct appeal at *State v. Johnson*, 5th Dist. Delaware No. 14CAA070039, 2015-Ohio-1676, n.1: "An earlier indictment upon four counts of rape under case number 13 CR I 04 0169 was dismissed on February 26, 2014. All pleadings and bond in the 2013 case transferred to the subsequent indictment under case number 14 CR I 01 0019."   The first indictment was dismissed and the trial court ordered the contents of the record transferred to the second case file.

{¶8}   On October 15, 2018, the trial court overruled both motions in separate judgment entries, noting that the Clerk of Court complied with the original order to transfer the record to the second case.   The trial court found no act in disregard of judicial authority.   The case and subsequent appeals were resolved, therefore pursuant to the Rules of Superintendence, it was appropriate to dispose of the exhibits.

{¶9}   Moreover, neither of the exhibits were tendered by appellant, therefore he had no standing to claim to exhibits or to protest their destruction.  Appellant sought to preserve grand jury testimony and an exhibit describing the victim's mental health.  The trial court found appellant was not entitled to retrieve either of those items or to protest their destruction and overruled the motion.

{¶10} Appellant now appeals from the trial court's entries of October 15, 2018.

{¶11} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶12} "I.   APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO PROCEDURAL & SUBSTANTIVE DUE PROCESS, GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT FAILED TO COMPLY WITH STATUTORY MANDATES PURSUANT TO R.C. 2705.05(A), ALSO VIOLATING THE SEPARATION OF POWERS DOCTRINE; THUS, LACKING THE JURISDICTION TO MAKE THE ATTEMPTED ORDER, RESULTING IN MANIFEST ERROR, RENDERING THE ORDER NULL & VOID, WITH PREJUDICE SUFFERED." (*Sic* throughout.)

{¶13} "II.   APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO PROCEDURAL & SUBSTANTIVE DUE PROCESS, GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT COMMITTED REVERSIBLE, MANIFEST ERROR BY MISAPPLYING SUP.R. 26(F) AND MISCONSTRUING THE FACTS ADVANCED TO PROHIBIT DESTRUCTION OF FILES

RELATED TO THE CONTEMPT PROCEEDING; RENDERING THE ORDER NULL & VOID WITH PREJUDICE SUFFERED." (*Sic* throughout.)

## ANALYSIS

{¶14} Appellant's two assignments of error are related and will be considered together. Appellant argues the trial court erred in overruling his motion to hold the clerk of court in contempt and in denying his request to stop destruction of the exhibits. We disagree.

{¶15} As part of its jurisdiction to hear and decide cases, a court of common pleas has the power to direct the disposition of exhibits. *See State v. Wilson*, 29 Ohio St. 2d 203, 213, 280 N.E.2d 915 (1972) ["the safe custody and control of exhibits, once admitted, is a matter falling largely within the sound discretion of the trial court"].

{¶16} The event giving rise to this appeal was the trial court's notice of pending disposition of exhibits pursuant to Ohio Sup. R. 26(F), which states:

> At the conclusion of litigation, including times for direct appeal, a court or custodian of exhibits, depositions, or transcripts may destroy exhibits, depositions, and transcripts if all of the following conditions are satisfied:
>
> (1) The court notifies the party that tendered the exhibits, depositions, or transcripts in writing that the party may retrieve the exhibits, depositions, or transcripts within sixty days from the date of the written notification;
>
> (2) The written notification required in division (F)(1) of this rule informs the party that tendered the exhibits, depositions, or transcripts that

the exhibits, depositions, or transcripts will be destroyed if not retrieved within sixty days of the notification;

(3) The written notification required in division (F)(1) of this rule informs the party that tendered the exhibits, depositions, or transcripts of the location for retrieval of the exhibits, depositions, or transcripts;

(4) The party that tendered the exhibits, depositions, or transcripts does not retrieve the exhibits, depositions, or transcripts within sixty days from the date of the written notification required in division (F)(1) of this rule.

{¶17} The trial court's notice also cited Local Rule 61.06, which states:

Exhibits, depositions, and transcripts.

At the conclusion of litigation, including time for direct appeal, a court or custodian of exhibits, depositions, or transcripts may destroy exhibits, depositions, and transcripts if all of the following conditions are satisfied:

(A) The court notifies the party in writing that exhibits, depositions, or transcripts may be destroyed within 60 days from the date of the written notification;

(B) The written notification required in division 61.06(A) of this rule informs the party that the exhibits, depositions, or transcripts may be destroyed if not retrieved within 60 days of the notification;

(C) The written notification required in division 61.06(A) of this rule informs the party of the location for retrieval of the exhibits, depositions, or transcripts;

(D) The party that tendered the exhibits, depositions, or transcripts does not retrieve the exhibits, depositions, or transcripts within 60days from the date of the written notification.

{¶18} The trial court complied with the applicable rules for disposition of the exhibits. The underlying convictions are final. Moreover, appellant cannot establish standing to challenge disposition of the exhibits because, as appellee points out, he is not the party who tendered the exhibits.

{¶19} We note appellant's arguments are premised upon the erroneous assumption that he is entitled to access to appellee's exhibits used to convict him in 2014, or entitled to require the trial court to preserve the exhibits for purposes of further post-conviction filings. An appellant is not entitled to the return of the exhibits used to support his convictions. *State v. Russell*, 2nd Dist. No. 2017-CA-56, 2018-Ohio-518, 106 N.E.3d 248, ¶ 29. Moreover, the exhibits at issue were not tendered by appellant and he cites no authority upon which he is entitled to access them.

{¶20} Appellant's motion to have the Clerk of Court held in "indirect contempt" alleges that the Clerk failed to comply with the trial court's order to transfer all pleadings and bond in the 2013 case to the subsequent indictment under case number 14 CR I 01 0019. The record does not support appellant's allegation. As noted supra, our opinion in appellant's direct appeal notes that the record was transferred. Appellant's motion before the trial court argues the clerk is "guilty" of contempt pursuant to R.C. 2701.02(A) and (B), nonexistent sections of the Ohio Revised Code.[1] We cannot discern, and will not

---

[1] R.C. 2701.02 does not contain subsections, addresses court management, and states courts must render decisions within a specified time limit.

speculate upon, appellant's contentions that do not support any allegation of "contempt of court."

{¶21} Nor is appellant entitled to a hearing upon his unsupported allegations of "contempt." By express statutory provision and fundamental due process protection, it is the accused contemnor who must be afforded a hearing. *State v. Bozsik*, 9th Dist. Medina No. 03CA0141-M, 2004-Ohio-4947, ¶ 9, citing R.C. 2705.03 ["an opportunity [must be] given to the accused to be heard"]; R.C. 2705.05(A) [stating that during a contempt hearing, a trial court shall "hear any answer or testimony that the accused makes or offers"]; *In re Parker*, 105 Ohio App.3d 31, 35, 663 N.E.2d 671 (4th Dist.1995) [stating that a contemnor's right to Due Process includes the right to be heard].

{¶22} Appellant's two assignments of error are overruled.

**CONCLUSION**

{¶23} Appellant's two assignments of error are overruled and the judgments of the Delaware County Court of Common Pleas are affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.