[Cite as *State v. Sosenko*, 2017-Ohio-780.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                           Court of Appeals Nos. WD-16-017
                                                                                    WD-16-018
        Appellee

                                                            Trial Court Nos. 12 CR 135
v.                                                                            15 CR 260


Joseph Sosenko                                         **DECISION AND JUDGMENT**


        Appellant                     Decided:  March 3, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, appellant, Joseph Sosenko, appeals the judgments of the Wood County Court of Common Pleas, finding him guilty of possession of heroin in case No. 2015CR0160, and in violation of the terms of his community control imposed in case No. 2012CR0135, and sentencing him to 36 months in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On September 16, 2013, appellant was convicted in case No. 2012CR0135 of one count of grand theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fourth degree, and one count of attempted engaging in a pattern of corrupt activity in violation of R.C. 2923.02 and R.C. 2923.32(A)(1) and (B)(1), a felony of the third degree. The conviction followed appellant's plea of guilty to those offenses. The court sentenced appellant to 12 months in prison on the count of grand theft, and four years of community control on the count of attempted engaging in a pattern of corrupt activity. Appellant did not appeal his conviction.

{¶ 3} Subsequently, on August 6, 2015, appellant was indicted on one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree, in case No. 2015CR0260.

{¶ 4} On March 30, 2016, appellant entered a plea of guilty to the charge of possession of heroin. Appellant also stipulated that he violated the terms of his community control stemming from his 2013 conviction. The court accepted his plea and stipulation, found him guilty, and proceeded immediately to sentencing. In accordance with the agreement between appellant and the state, the trial court sentenced appellant to 12 months in prison on the charge of possession of heroin in case No. 2015CR0260, and 36 months in prison for violating the terms of his community control in case No. 2012CR0135. The trial court further ordered that those sentences be served concurrently with one another. The trial court journalized appellant's convictions on April 1, 2016.

2.

## II.  Assignment of Error

{¶ 5} Appellant has timely appealed the trial court's April 1, 2016 judgments, asserting one assignment of error for our review:

> 1.  The trial court erred when it did not merge Defendant's convictions for grand theft and attempted engaging in a pattern of corrupt activity in September 2013, as allied offenses of similar import.  If they had, the time Defendant served for grand theft could have been credited towards the time imposed for his probation violation in March 2016.

## III.  Analysis

{¶ 6} In his brief, appellant embarks upon an allied offenses analysis in support of his contention that his 2013 convictions for grand theft and attempted engaging in a pattern of corrupt activity should have merged.  Appellant asserts that if those offenses had merged, the time imposed for his current probation violation would have been reduced from 36 months to 24 months.

{¶ 7} Appellant's argument is without merit.  As recently stated by the Ohio Supreme Court,

> Our decisions in *Mosely*, *Holdcroft*, and *Rogers* establish that when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law,

3.

and any error must be asserted in a timely appeal or it will be barred by the principles of res judicata. *State v. Williams*, 2016-Ohio-7658, ¶ 26.

{¶ 8} Here, the trial court did not make any findings in 2013 whether those offenses should have merged, and appellant did not appeal his conviction. Therefore, appellant's present argument that his 2013 offenses should have merged is barred by res judicata.

{¶ 9} Accordingly, appellant's assignment of error is without merit.

### IV. Conclusion

{¶ 10} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                      _____

                                                               JUDGE

Arlene Singer, J.

                                      _____

Thomas J. Osowik, P.J.                                       JUDGE
CONCUR.

                                                               _____

                                                               JUDGE