[Cite as *State v. Franklin*, 2017-Ohio-9330.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2017-L-015** |
| - vs - | : | **2017-L-016** |
| | | **2017-L-017** |
| BRYAN M. FRANKLIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas. Case Nos. 2015 CR 000961, 2015 CR 000962, and 2015 CR 000963.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Bryan M. Franklin*, pro se, PID: A683-069, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Bryan M. Franklin, appeals from the judgment of the Lake County Court of Common Pleas denying his motion to receive concurrent sentences. We affirm.

{¶2} Appellant pleaded guilty, by way of information, in three separate cases, each charging him with one count of complicity to burglary, in violation of R.C.

2923.03(A)(2) and R.C. 2911.12(A)(3) or (A)(2). The pleas were entered on the same date and a sentencing hearing occurred for each case on April 27, 2016. Appellant was ordered to serve a total prison term of five years (2 years for case number 15-CR-000962; 18 months for case number 15-CR-000961; and 18 months for case number 15-CR-000963; each to be served consecutively to the others). The judgment on sentence was filed on May 9, 2016. Appellant did not file a direct appeal of his convictions.

{¶3} On December 8, 2016, appellant filed a motion to receive concurrent sentences on each of his three convictions. The state opposed the motion and, on December 28, 2016, the trial court denied the same. This appeal follows.

{¶4} Appellant assigns the following errors:

{¶5} "[1.] The court failed to comply with the mandatory requirements of Criminal Rule 11 when it accepted appellant's guilty pleas without making a proper finding under R.C. 2941.25(A)(B).

{¶6} "[2.] The trial court erred by failing to merge allied offenses of similar import pursuant to R.C. 2941.25.

{¶7} "[3.] The trial court erred in sentencing appellant to consecutive sentences in violation of R.C. 2929.14(C)(4).

{¶8} "[4.] The acts and omissions of trial counsel deprived Mr. Franklin of his right to effective counsel."

{¶9} Appellant filed his notice of appeal from the trial court's denial of a post-conviction "motion to receive concurrent sentences pursuant to R.C. 2929.41; 2941.25." In the motion, appellant argued it was plain error for the trial court to sentence him on

2

the three separate counts because they were allegedly allied offenses of similar import. He further argued the trial court exceeded its statutory authority when it imposed consecutive sentences. These arguments, as well as any additional argumentation raised under the foregoing assignments of error, could have been raised in a timely direct appeal from appellant's convictions. Accordingly, these issues are barred by res judicata. *See State v. Stalnaker*, 11th Dist. Lake No. 2013-L-006, 2013-Ohio-3479, ¶12 ("the doctrine of res judicata bars a defendant from asserting the "merger" issue in a post-judgment motion for resentencing."); *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, ¶8 (challenges to merger issues and consecutive sentences must be brought on direct appeal).

{¶10} Appellant's assignments of error lack merit.

{¶11} For the foregoing reason, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

3