[Cite as *State v. Ferrell*, 2019-Ohio-836.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-P-0069 |
| WILLIAM T. FERRELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 00845.

Judgment: Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James W. Armstrong*, Leipply & Armstrong, 2101 Front Street, Riverfront Centre, Suite 101, Cuyahoga Falls, OH 44221 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, William T. Ferrell, appeals from the August 15, 2017 Judgment Entry of the Portage County Court of Common Pleas, ordering him to serve four consecutive terms in prison for Nonsupport of Dependents following a violation of his community control sanctions.  The issues to be determined by this court are whether a claim that the trial court erred in failing to merge allied offenses can be raised in an appeal from sentencing on a community control violation, whether trial counsel is ineffective by failing to raise such issue at that sentencing hearing, and whether the trial

court commits plain error in failing to state a consecutive sentencing finding under R.C. 2929.14(C)(4)(a)-(c) at the sentencing hearing and in the judgment entry. For the following reasons, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶2} On December 19, 2013, Ferrell was indicted by the Portage County Grand Jury for six counts of Nonsupport of Dependents, felonies of the fourth degree, in violation of R.C. 2919.21(A)(2) or (B).

{¶3} On August 21, 2014, a plea hearing was held at which Ferrell pled guilty to four counts of Nonsupport of Dependents. A Nolle Prosequi was entered by the State on the remaining two counts of the indictment. The guilty plea was accepted by the trial court and the finding of guilt was memorialized in an August 26, 2014 Judgment Entry. The Written Plea of Guilty was filed on the same date.

{¶4} A sentencing hearing was held on January 20, 2015, at which the court sentenced Ferrell to a term of 100 days in jail. Ferrell was also ordered to serve a term of community control, with one year of intensive supervision probation and four additional years of general probation. The court also required that Ferrell become employed within nine months and abide by a payment plan to satisfy his child support arrearages. The court advised Ferrell that he may serve prison terms of 18 months for each offense if he violated the conditions of his community control.

{¶5} On two occasions in 2015 and 2016, the probation department moved to terminate or revoke Ferrell's probation due to violations, including his failure to report and an indictment for Possession of Heroin. On January 19, 2016, the court ordered that Ferrell be given a "more restrictive sanction," and extended his period of intensive

2

probation. Following the second violation, on July 25, 2016, the court issued a Judgment Entry again ordering a more restrictive sanction, including a term of 180 days in jail, and recommended that he interview for placement in NEOCAP, a community-based corrections facility. On December 2, 2016, the court issued a Judgment Entry finding that Ferrell had been accepted into NEOCAP and ordering him to remain in the program until completion, and serve a term of one year of intensive supervision and one year of regular probation.

{¶6} Giving rise to the present appeal, on June 23, 2017, the probation department filed a third Motion to Revoke/Modify Probation on the ground that Ferrell had not reported as required or advised the department of his change of address. Ferrell failed to appear at a hearing on the motion and a warrant was issued for his arrest.

{¶7} A hearing was held on this motion on August 11, 2017, at which Ferrell admitted to the allegations. Ferrell's counsel emphasized his mental health and housing issues, noting that he was attempting to find employment, was not using drugs, and requested a mental health assessment. Ferrell also expressed that he had been hindered by these concerns. The court ordered Ferrell to serve one year in prison for each of the four counts for which he had been convicted, with the terms to be served consecutively, noting that Ferrell "had been back here too many times."

{¶8} On August 15, 2017, the trial court issued a Judgment Entry finding the Motion to Modify well-taken and memorializing the foregoing sentence. The court found that "the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the

3

seriousness of the Defendant's conduct and to the danger the defendant poses to the public."

{¶9} On October 3, 2017, Ferrell filed a Motion for Leave to File a Delayed Appeal, which this court granted. On appeal, he raises the following assignments of error:

{¶10} "[1.] The trial court committed prejudicial error by sentencing Defendant to four consecutive prison sentences despite Criminal Nonsupport of Dependents, Criminal Nonsupport of Dependents, Criminal Nonsupport of Dependents, and Criminal Nonsupport of Dependents involving the same Mother were [sic] allied offenses of similar import and were required to be merged for sentencing purposes.

{¶11} "[2.] The trial court abused its discretion by sentencing Appellant, who the Trial Court was aware had mental health issues, to four consecutive sentences of one year, for a total of four years, for Criminal Nonsupport of Dependents involving two children with the same Mother.

{¶12} "[3.] Appellant received ineffective assistance from his trial counsel who failed to object when the Trial Court sentenced Appellant to four consecutive one year sentences when the four counts of Criminal Nonsupport of Dependents were allied offenses of similar import."

{¶13} In his first assignment of error, Ferrell argues that the trial court erred by failing to merge his four convictions for Nonsupport of Dependents since they were allied offenses of similar import pursuant to R.C. 2941.25.

{¶14} While Ferrell asks this court to consider the merits of his merger argument, it is necessary to first address the procedural question of whether this

4

assignment of error is barred by the doctrine of res judicata.

{¶15} "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). This court has repeatedly held that the doctrine of res judicata acts as a bar to a defendant asserting a merger issue in post-judgment motions, since this issue must be contested in a direct appeal from the trial court's judgment entry of conviction. *State v. Franklin*, 11th Dist. Lake Nos. 2017-L-015, et al., 2017-Ohio-9330, ¶ 9; *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 14-15.

{¶16} Significantly, this principle has been applied specifically to cases where a defendant appeals from an order finding a violation of community control and raises a merger argument. Res judicata precludes consideration of this issue since it is viewed as an attempt to "bootstrap an allied-offenses argument arising from the original sentencing to the penalty imposed at the hearing on his subsequent community control violation(s)." *State v. Jones*, 5th Dist. Richland No. 12CA22, 2012-Ohio-4957, ¶ 21; *State v. Sosenko*, 6th Dist. Wood Nos. WD-16-017 and WD-16-018, 2017-Ohio-780, ¶ 6-8 (the defendant's failure to raise merger at the time of sentencing for his convictions rather than over two years later upon being sentenced for a community control violation rendered his claim barred by the doctrine of res judicata); *State v. Nava*, 3d Dist. Wyandot No. 16-15-07, 2015-Ohio-5053, ¶ 14 ("[i]t is well established that [the defendant] was required to raise his allied offense argument by directly appealing" his

5

initial conviction and sentence). As such, the doctrine of res judicata applies here.

{¶17} Even if the doctrine of res judicata did not apply to bar Ferrell's argument, we find that it lacks merit.

{¶18} Ohio's multiple counts or allied offenses of similar import statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

{¶19} "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. "[T]wo or more offenses may result in multiple convictions if any of the following are true: '(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.'" *State v. Jameson*, 11th Dist. Ashtabula No. 2014-A-

0069, 2015-Ohio-4634, ¶ 11, citing *Ruff* at ¶ 25.

**{¶20}** Typically, a de novo standard of review is applied to a merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. However, since Ferrell did not object to the trial court's failure to merge the counts in question, a plain error standard is more properly applied. Pursuant to Crim.R. 52(B) "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To show plain error, a defendant must demonstrate that "(1) there was an error, (2) the error was 'plain,' i.e., obvious, and (3) the error affected substantial rights." *State v. Tench*, __ Ohio St.3d ___, 2018-Ohio-5205, ¶ 217. Regardless, the Supreme Court of Ohio has held that the "imposition of multiple sentences for allied offenses of similar import is plain error." (Citation omitted.) *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

**{¶21}** Ferrell argues that none of the three factors outlined above were satisfied here, where he was convicted of four offenses of Nonsupport of Dependents because he had two children and the failure to pay was broken up over multiple two-year periods, creating additional charges.

**{¶22}** Ferrell was convicted of the following counts of Nonsupport of Dependents: one count for failure to pay support for E.F. from January 2007 to December 2008, one count for failure to support A.F. during that same period, one count for failure to pay support for E.F. from January 2009 to December 2010, and one count for failure to support A.F. during that same period.

**{¶23}** Initially, we find that the convictions for each individual child should not merge because they, at the least, cause a separate identifiable harm in that each child

7

is owed support and is impacted by Ferrell's failure to pay. This is reinforced by case law from appellate districts throughout this state. *E.g., State v. Woullard*, 2d Dist. Montgomery No. 27216, 2017-Ohio-2614, ¶ 20 ("each child for whom [the defendant] failed to pay said child support * * * constitute separate victims who suffered separate harm by his conduct"); *State v. Ladson*, 8th Dist. Cuyahoga No. 83209, 2004-Ohio-2973, ¶ 14.

{¶24} Regarding the fact that Ferrell was charged for two separate time periods of nonsupport for each child, there is authority to support the conclusion that this does not warrant a finding of merger. For example, in *State v. Puckett*, 5th Dist. Licking No. 2010 CA 0029, 2010-Ohio-6232, the Fifth District found that "three offenses of felony nonsupport, which covered three separate one hundred four week (two year) periods, were not allied offenses of similar import" since they were committed separately during different time periods. *Id.* at ¶ 19; *State v. Cook*, 3d Dist. Union No. 14-04-36, 2005-Ohio-4448, ¶ 15-16. The Nonsupport of Dependents statute provides for a conviction of a felony of the fifth degree when a parent fails to provide support "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks" and a conviction of a fourth-degree felony when there has been a prior violation of that section. R.C 2919.21(G)(1). The statute anticipates multiple potential convictions due to nonsupport, even enhancing the level of offense for repeat offenders. Under Ferrell's rationale, a defendant can either never be charged and sentenced for more than one child support violation in a child's lifetime (which does not appear to be the purpose of the statute) or, alternatively, a parent can only be charged when there is a gap in time of nonpayment, incentivizing a parent's failure to pay no support for an extended period of

8

time to receive the benefit of merger. Either position is untenable.

{¶25} In support of his argument, Ferrell also cites *State v. Smith*, 6th Dist. Ottawa No. OT-10-001, 2011-Ohio-138, as a "similar matter" in which the appellate court found that offenses for failure to provide support to twin daughters must be merged. In *Smith*, however, the court found that the offenses were allied because the defendant was convicted separately under two different code sections, R.C. 2919.21(A)(2) and 2919.21(B), for the same conduct. *Id.* at ¶ 36. *Smith* does not address the merger of separate offenses for multiple children or of offenses that took place during different time periods. Thus, *Smith* is entirely distinguishable from the present matter. Moreover, *Smith* predates *Ruff*, *supra*, which clarified the appropriate factors for determining merger and, thus, *Smith*'s analysis is not applicable under the present law of this state.

{¶26} Based on the foregoing, we disagree with Ferrell's contentions and find the offenses are separate and thus, are not allied offenses subject to merger.

{¶27} The first assignment of error is without merit.

{¶28} We will next address the third assignment of error since it is interrelated to the first assigned error. Here, Ferrell argues that trial counsel was ineffective for failing to object to the imposition of separate prison terms for allied offenses.

{¶29} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87

Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶30}** It appears Ferrell is referencing trial counsel's failure to object to the lack of merger of the offenses at the sentencing following his community control violation, although he recognizes that failure to raise this issue upon a direct appeal bars its consideration, thus placing the claim of ineffectiveness on trial counsel during the initial 2015 sentencing hearing. Under either argument, Ferrell's claims fail.

**{¶31}** Ferrell cannot advance arguments regarding trial counsel's performance in 2015 at this stage. "[R]es judicata precludes a defendant from raising an ineffective-assistance-of-counsel claim that was or could have been raised at trial or on direct appeal." *State v. Johnson*, 11th Dist. Lake No. 2016-L-064, 2017-Ohio-884, ¶ 14.

**{¶32}** Regarding trial counsel's performance at the sentencing hearing in 2017 following Ferrell's community control violation, we do not find trial counsel erred by failing to raise the issue of merger. As explained in the preceding assignment of error, failure to merge offenses cannot be raised in post-judgment motions as it must be addressed at the initial sentencing hearing and on direct appeal. *Franklin*, 2017-Ohio-9330, at ¶ 9. Moreover, the offenses were not allied and should not have been merged. As such, had trial counsel raised said argument, the lower court should have properly found it barred by the doctrine of res judicata and/or rejected it on its merits.

**{¶33}** The third assignment of error is without merit.

**{¶34}** Finally, in his second assignment of error, Ferrell argues that the trial court abused its discretion by ordering consecutive prison sentences. He contends that the court erred in finding he posed a danger to the public, emphasizing his convictions were

for failure to pay child support and his youngest dependent was 20 years old.

**{¶35}** The State concedes error in the court's consecutive sentencing order due to its failure to make all of the required statutory findings.

**{¶36}** "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). However, since Ferrell failed to object to his sentence, "our review is limited to consideration of whether the trial court committed plain error." *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024, ¶ 45. "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence is contrary to law and constitutes plain error." *State v. Aikens*, 2016-Ohio-2795, 64 N.E.3d 371, ¶ 53 (11th Dist.). We emphasize that in sentencing a defendant following a community control violation, the trial court must comply with the relevant sentencing requirements. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

**{¶37}** Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and

11

that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶38} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶39} Here, the trial court did not make any specific consecutive sentencing findings at the sentencing hearing, with the exception of a general statement that Ferrell "had been here too many times." In the sentencing entry, the court found: the "consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public." While this is the exact language contained in R.C. 2929.14(C)(4), no additional finding was

12

made from R.C. 2929.14(C)(4)(a)-(c). The State concedes that the trial court made no consecutive sentencing findings at the hearing and did not determine the presence of an R.C. 2929.14(C)(4)(a)-(c) factor at any point. Under these circumstances, the court did not satisfy the statutory sentencing requirements. *State v. Snyder*, 11th Dist. Ashtabula Nos. 2017-A-0041, et al., 2018-Ohio-2826, ¶ 16 (where the court does not reference all required consecutive sentencing factors at the sentencing hearing and in the judgment entry, the sentence is contrary to law).

{¶40} Since the record demonstrates, and the State concedes, that the requisite findings were not made, Ferrell's sentence is contrary to law and constitutes plain error. We therefore vacate his sentence. On remand, the trial court is instructed to resentence Ferrell and, if it re-imposes consecutive sentences, to make all necessary statutory findings. *Id.* at ¶ 17.

{¶41} The second assignment of error is with merit.

{¶42} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.