[Cite as *State v. Palmer*, **2019-Ohio-1144**.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-74 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-598 |
| | : | |
| JEFFREY PALMER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} While serving a sentence of community control sanctions (CCS) for a fourth-degree felony, Appellant, Jeffrey Palmer, admitted that he had violated the terms of his CCS by testing positive on multiple occasions for methamphetamine. This admission resulted in the trial court's revocation of CCS and the imposition of an 18-month prison term. We conclude that Palmer's admission to felonious drug use allowed the trial court to impose a prison term in excess of 180 days, under R.C. 2929.15(B)(1)(c)(ii). The trial court's judgment, as such, will be affirmed.

## Facts and Procedural History

{¶ 2} In January 2018, Palmer pleaded guilty to receiving stolen property, a motor vehicle, which was a fourth-degree felony. The trial court sentenced Palmer to a two-year term of CCS and stated that, if Palmer violated CCS, he would be sentenced to 18 months in prison, except as limited by R.C. 2929.15(B)(1)(c) for "technical" violations. On the date he was sentenced to CCS, Palmer signed a document which set forth the CCS conditions. These conditions included an obligation to obey all "federal, state, and local laws and ordinances" and the more specific requirement not to "possess, use, purchase, or have under [his] control any narcotic drug or other controlled substance * * *." The CCS conditions also required Palmer to submit to drug testing.

{¶ 3} Approximately three months after Palmer was sentenced, a CCS revocation proceeding was initiated based on his alleged violations of three CCS conditions. The first allegation, and the only one relevant to this discussion, was that on four occasions

Palmer had "tested positive for Methamphetamine and Amphetamines * * *."

{¶ 4} At the revocation hearing, Palmer admitted he had tested positive for methamphetamine and amphetamine.   In exchange for this admission, the State dismissed the remaining alleged violations.   The trial court, based upon Palmer's admission, revoked the CCS and sentenced him to an 18-month prison term.   This appeal followed.

**Analysis**

{¶ 5} Palmer's sole assignment of error is as follows:

THE TRIAL COURT'S DECISION TO SENTENCE PALMER TO AN EIGHTEEN-MONTH PRISON TERM FOR FAILED DRUG SCREENINGS IS CONTRARY TO LAW BECAUSE FAILING A DRUG SCREENING [IS] A TECHNICAL VIOLATION OF HIS [CCS] THAT IS NOT A NEW FELONY OFFENSE.

{¶ 6} This assignment of error requires a review of R.C. 2929.15(B)(1)(c)(ii) which states as follows:

(B)(1) If the conditions of a community control sanction are violated * * * , the sentencing court may impose upon the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

\* \* \*

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.[1]

\* \* \*

{¶ 7} Thus, when a defendant, while serving a CCS sentence on a fourth-degree felony offense that is neither an offense of violence nor a sexually oriented offense, is found to have violated a technical CCS condition or to have committed a non-felony criminal offense, any prison term imposed upon revocation of CCS is limited to 180 days. The trial court was aware of this limitation but concluded it was not applicable to Palmer. At the CCS violation hearing, the trial court stated:

> \* \* \* The Court does find that under [R.C.] 2929.15(B)(1)(c)(ii), the 180-day limit on community control violation, an exception to that is a new felony offense that [is] committed.
>
> The language of [R.C.] 2929.15(B)(1)(c)[ii] does [not] say anything about a conviction. It just says a new felony offense. So I do find that the use, the possession use [sic] of methamphetamine, is a new felony offense.

{¶ 8} The three Ohio appellate districts that have reviewed the "technical violation"

---

[1] R.C. 2929.15(B)(1)(c)(i) deals with fifth degree felonies. The provision is identical to R.C. 2929.15(B)(1)(c)(ii) except that the prison term is capped at 90 days.

issue under R.C. 2929.15(B)(1)(c)(i) or R.C. 2929.15(B)(1)(c)(ii) have concluded that felonious drug use, whether revealed by admission or testing, overcomes the applicable prison term limitation. *State v. Abner*, 2018-Ohio-4506, __ N.E.3d __ (4th Dist.); *State v. Johnson*, 5th Dist. Licking No. 18-CA-37, 2019-Ohio-376; *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601 (11th Dist.). In *Abner*, the defendant, while serving a CCS sentence for a fifth degree felony, failed a drug test which indicated the use of heroin. Abner additionally admitted that on other occasions she had used heroin. The trial court revoked the CCS and imposed a 12-month prison term. The Fourth District affirmed stating that, "although Abner was not charged or convicted for felony possession of heroin, her admitted use of heroin constituted a [felony] crime rather than a mere technical violation of community control." *Abner* at ¶ 15. Thus, the trial court was "not constrained by R.C. 2929.15(B)(1)(c)(i) to cap [Abner's] prison term at 90 days." *Id.* at ¶ 16.

{¶ 9} In *State v. Johnson*, the defendant, while serving a CCS sentence for a fifth-degree felony, was found to have violated a CCS condition by testing positive for methamphetamine; Johnson ultimately admitting this and other violations. The trial court revoked Johnson's CCS and imposed a 12-month prison term. On appeal, Johnson argued that, because the drug use did not result in a criminal charge, it constituted a technical CCS violation. The Fifth District disagreed, stating that "[Johnson's] use of methamphetamine * * * constituted a felony offense rather than a technical [violation] and the trial court was not required to cap her prison sentence at 90 days." *Johnson* at ¶ 15.

{¶ 10} In *State v. Cozzone*, the defendant, while serving a CCS sentence for three fourth-degree felonies and one fifth-degree felony, overdosed on heroin, which triggered

a CCS revocation proceeding. Cozzone admitted the overdose was a CCS violation, prompting the trial court to revoke the CCS and impose a 54-month prison term.[2] Cozzone, on appeal, argued that the heroin overdose was a technical violation. The Eleventh District disagreed, stating that "although [Cozzone] was not charged for [the heroin use], overdosing on drugs is criminal in nature and cannot be considered a 'technical' violation of the terms and conditions of community control." *Cozzone* at ¶ 39.

{¶ 11} We agree with our sister districts that a defendant's felonious use of drugs while serving a CCS sentence allows a trial court, under R.C. 2929.15(B)(1)(c)(i) or (ii), to sentence the defendant upon revocation to a prison term in excess of 90 or 180 days, as applicable. Palmer admitted he failed several drug tests, indicating his use of methamphetamine, which is a felony. *State v. Abner*, ¶ 15 ("the knowing * * * use of heroin is per se criminal in Ohio and it constitutes a felony offense"). Thus, Palmer committed a felony offense while serving a CCS sentence, which allowed the trial court to revoke the CCS and impose a prison term in excess of 180 days.

**Conclusion**

{¶ 12} Palmer's only assignment of error is overruled. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

---

[2] The trial court merged the fifth-degree felony with one of the fourth-degree felonies, sentenced Cozzone to an 18-month prison term on each count, and ordered that the sentences be served consecutively. Though not germane to the present discussion, the appellate court determined that the consecutive service was clearly and convincingly not supported by the record. *Id.* at ¶ 31.

Copies sent to:

John M. Lintz
April F. Campbell
Hon. Douglas M. Rastatter