[Cite as *State v. Haworth*, 2020-Ohio-1326.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-P-0042**<br>**2019-P-0043**<br>**2019-P-0044** |
| DENNIS W. HAWORTH, | : | **2019-P-0045** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2016 CR 00824, 2016 CR 00827, 2017 CR 00646, and 2017 CR 00649 C.

Judgment: Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, Ohio 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Dennis W. Haworth ("Mr. Haworth"), appeals from two Portage County Court of Common Pleas' judgment entries. The first judgment entry, from trial court case. no. 2017 CR 0649C, revoked Mr. Haworth's sentence of community control and imposed an 18-month term of imprisonment. At the outset, we note that Mr. Haworth did not attach that judgment entry to his notice of appeal nor raise an assignment of error related to it.

{¶2} The second judgment entry is from three separate criminal cases that were consolidated in the trial court below, nos. 2016 CR 0824, 2016 CR 0827, and 2017 CR 0646. The trial court revoked Mr. Haworth's community control and imposed five consecutive one-year terms of imprisonment for various offenses, generally possession of drugs and theft.

{¶3} Mr. Haworth raises three assignments of error on appeal. In his first assignment of error, Mr. Haworth argues he did not enter his guilty plea knowingly, intelligently, and voluntarily in trial court case no. 2017 CR 646, where he pleaded guilty to one count of possession of methamphetamine, a fifth degree felony. He argues that the trial court failed to strictly comply with Crim.R. 11(C) by not informing him of his right to a jury trial and that he cannot be compelled to testify against himself.

{¶4} In his second and third assignments of error, Mr. Haworth challenges the trial court's imposition of his five consecutive one-year terms of imprisonment following the revocation of his community control in the three consolidated cases. He contends that the trial court did not specify how he violated his community control per R.C. 2929.15. Lastly, he argues the trial court erred in imposing consecutive sentences without making the appropriate findings pursuant to R.C. 2929.14 and HB 86.

{¶5} At the outset, we cannot consider Mr. Haworth's first assignment of error since he is attempting to appeal the voluntariness of his plea to an underlying offense to which he previously pleaded guilty in 2017. We are without jurisdiction to consider this on an appeal from his 2019 revocation of community control.

{¶6} Secondly, we disagree with Mr. Haworth's contention that the trial court did not specify his violation of community control. Mr. Haworth admitted during the hearing

2

to using methamphetamine, an act that is criminal in nature and that was in direct contravention of his community control restrictions.

{¶7} Thirdly, we find Mr. Haworth's last assignment of error to have merit in that the trial court failed to make all of the necessary findings pursuant to R.C. 2929.14(C)(4) both at the hearing and in the court's sentencing judgment entry when it sentenced him to five consecutive one-year sentences. Thus, we remand to the trial court for resentencing.

{¶8} Accordingly, the judgment of the Portage County Court of Common Pleas is affirmed in part, reversed in part, and remanded.

## Substantive and Procedural History

{¶9} In January 2017, Mr. Haworth pleaded guilty to offenses in two separate cases. In case no. 2016 CR 0824, Mr. Haworth pleaded guilty to four counts of receiving stolen property, felonies of the fifth degree, in violation of R.C. 2913.51. In case no. 2016 CR 0827, Mr. Haworth pleaded guilty to one count of possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a). The trial court subsequently imposed a term of community control.[1]

{¶10} In October 2017, in case no. 2017 CR 0646, Mr. Haworth pleaded guilty to one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C.

---

[1] As we noted above, Mr. Haworth also appealed a judgment in a fourth case, trial ct. case no. 2017 CR 0649C and ct. of appeals case no. 2019-P-0045, to which he did not attach the judgment entry to his notice of appeal nor raise an assignment of error. This case was not consolidated with the other three cases in the trial court. Thus, in case no. 2017 CR 0649C, Mr. Haworth pleaded guilty to theft from a person in a protected class, a fourth-degree felony, in violation of R.C. 2913.02, in October of 2017. In that case, a second revocation of community control hearing was held in December 2018. The trial court revoked community control after finding it no longer sufficient and imposed a prison term of 18 months. We dismiss case no. 2019-P-0045 for lack of an appealed judgment entry and failure to assign an error therefrom.

2925.11. He was sentenced in December 2017 to a term of community control. Subsequently, the trial court consolidated the three cases.

{¶11} In January 2019, at his second revocation of community control hearing on all three cases, after finding Mr. Haworth violated the terms of his community control by possessing and using methamphetamine, the trial court imposed five consecutive one-year terms of imprisonment for each count in case nos. 2016 CR 0824, 2016 CR 0827, and 2017 CR 0646, to be served concurrently to the 18-month sentence in case no. 2017 CR 0649C.

{¶12} Mr. Haworth raises three assignments of error on appeal:

{¶13} "[1.] Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to act in strict compliance by not properly informing him of his constitutional rights as required by Crim.R. 11(C).

{¶14} "[2.] The trial court erred by not following the mandates of R.C. 2929.15 when it sentenced Appellant to five years in prison.

{¶15} "[3.] The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

### Jurisdiction

{¶16} In his first assignment of error, Mr. Haworth claims the trial court failed to comply with Crim.R. 11(C)(2)(c) in case no. 2017 CR 0646, thus rendering his guilty plea to the underlying offense invalid.

{¶17} Mr. Haworth's assignment of error pertains to the trial court's judgment in 2017, in which it accepted his guilty plea to one count of possession of methamphetamine, a felony of the fifth degree, in violation of R.C. 2925.11. The trial court subsequently

4

sentenced him to a term of community control in December of that year. Mr. Haworth did not appeal those judgments.

{¶18} In this appeal, Mr. Haworth only challenges the revocation of community control and subsequent sentencing. Thus, we cannot consider his challenge to the voluntariness of his plea, which should have been raised via direct appeal.

{¶19} As the Second District aptly stated in *State v. Grimes*, 2d Dist. Montgomery No. 20746, 2005-Ohio-4510, "[i]f there was a problem with the voluntariness of [Mr. Haworth's] plea, [he] should have raised it in response to the earlier judgment. * * * We cannot – for want of appellate jurisdiction – consider the untimely argument raised under this assignment." *Id.* at ¶11, citing *State v. Wood*, 3d Dist. Defiance No. 4-01-14, 2001-Ohio-2339; App.R. 4(A). Similarly, in *State v. Peltier*, 2d Dist. Champaign No. 2018-CA-21, 2019-Ohio-569, the Second District found the appellant could not collaterally attack his unappealed conviction for aggravated possession of drugs through an appeal of the trial court's revocation of community control. *Id.* at ¶17. Likewise in *State v. Ryan*, 2d Dist. Greene No. 2008-CA-99, 2010-Ohio-216, the court determined it was without jurisdiction to consider any other issues, including the validity of the appellant's guilty plea, since the appellant was appealing only the revocation of his community control. *Id.* at ¶4.

{¶20} Mr. Haworth's first assignment of error is overruled.

### Community Control Violations

{¶21} In Mr. Haworth's second assignment of error, he contends the trial court erred in finding he violated his community control sanctions. More specifically, he argues the trial court was silent as to its findings regarding any violations, and that if he did violate his community control sanctions, it was merely technical in nature.

5

{¶22} We review a trial court's finding of a community control violation under an abuse of discretion standard, and a "trial court's decision to revoke community control even for a 'minor' violation, is not an abuse of discretion." (Citations omitted.) *State v. Bika*, 11th District Portage Nos. 2018-P-0096 & 2018-P-0097, 2019-Ohio-3841, ¶28. An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *Id.,* citing *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's " 'failure to exercise sound, reasonable, and legal decision-making.'" *Bika* at ¶28, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶23} R.C. 2929.15(B)(1)(c)(i) states, in relevant part, that "[i]f the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may impose upon the violator one or more of the following penalties: * * * If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community controls sanction imposed for such a felony that consists of a new criminal offense and *that is not a felony*, the prison term shall not exceed ninety days." (Emphasis added.)

{¶24} Further, what constitutes a "technical violation" is not defined in R.C. 2929.15(B)(1). In *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633 (6th Cir.1976), the United States Court of Appeals for the Sixth Circuit defined the term as it pertained to a parole revocation: "those violations of the terms and conditions of the parole agreement

6

which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc." *Id.* at 635, fn. 2.

{¶25} In *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121 (1993), the Supreme Court of Ohio adopted the definition of technical violation set forth in *Rogers*. Courts of appeal have subsequently applied this definition to sentencing determinations under R.C 2929.15. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249; ¶38; *State v. Abner*, 4th Dist. Adams Nos. 18CA1061 & 18CA1062, 2018-Ohio-4506, ¶13.

{¶26} In the instant case, Mr. Haworth failed to appear for his second revocation hearing. The trial court issued a capias warrant and rescheduled the hearing. Mr. Haworth now argues that the trial court failed to specify his violation and that if his failure to appear for the first hearing date is considered a "violation," it was merely technical in nature.

{¶27} We disagree. A review of the revocation hearing transcript reveals more than one violation, including Mr. Haworth's admission that he started using methamphetamine once again. The trial court reminded Mr. Haworth that it had warned him at the first revocation hearing he had one last chance at community control, that it had given him several chances for treatment, and that while he is an addict, he also commits "crimes against other people," which "cannot be tolerated."

{¶28} This court and many of our sister districts have reviewed the "technical violation" issue under R.C. 2929.15(B)(1)(c)(i) or R.C. 2929.15(B)(1)(c)(ii) and have concluded that felonious drug use, whether revealed by admission or testing, overcomes the applicable prison term limitation. *See, e.g.*, *Cozzone*; *Abner*; *State v. Johnson,* 5th

7

Dist. Licking No. 18-CA-37, 2019-Ohio-376; *State v. Palmer*, 2d Clark No. 2018 CA 74, 2019-Ohio-1144, ¶8.

{¶29} In *Cozzone,* the appellant overdosed on heroin while on community control for three fourth-degree felonies and one fifth-degree felony. At the revocation hearing, the appellant admitted to violating her community control, and the trial court imposed a 54-month prison sentence. *Id.* at ¶11. We disagreed with the appellant's argument that overdosing on heroin was a technical violation and determined that "[a]lthough [Cozzone] was not charged or convicted for [the heroin use], overdosing on drugs is criminal in nature and cannot be considered a 'technical' violation of the terms and conditions of community control." *Id.* at ¶39.

{¶30} Likewise, in *Palmer*, the Second District held that "[w]e agree with our sister districts that a defendant's felonious use of drugs while serving a [community control] sentence allows a trial court, under R.C. 2929.15(B)(1)(c)(i) or (ii), to sentence the defendant upon revocation to a prison term in excess of 90 or 180 days, as applicable. [Appellant] admitted he failed several drug tests, indicating his use of methamphetamine, which is a felony." *Id.* at ¶11.

{¶31} Similarly, in *Johnson*, the trial court found the appellant violated his community control for a fifth-degree felony sentence by testing positive for methamphetamine, to which the appellant admitted along with other violations. The court revoked the appellant's community control and sentenced her to a term of 12 months. *Id.* at ¶4. The Fifth District disagreed with the appellant's argument that because the drug use did not result in a criminal charge, it constituted a technical violation, stating that "[Johnson's] use of methamphetamine * * * constituted a felony offense rather than a

technical [violation] and the trial court was not required to cap her prison sentence at 90 days." *Id.* at ¶15.

{¶32} In *Abner*, the appellant tested positive for heroin while serving a community control sentence for a fifth-degree felony. The appellant also admitted that she had used heroin on other occasions. *Id.* at ¶5. The trial court revoked her community control and imposed a 12-month prison term. *Id.* at ¶6. The Fourth District affirmed, stating that "[a]lthough Abner was not charged or convicted for felony possession of heroin, her admitted use of heroin constituted a [felony] crime rather than a mere technical violation of community control." *Id.* at ¶15. Thus, the trial court was "not constrained by R.C. 2929.15(B)(1)(c)(i) to cap [Abner's] prison sentence at 90 days." *Id.* at ¶16. "[T]he knowing * * * use of heroin is per se criminal in Ohio and it constitutes a felony offense." *Id.* at ¶15.

{¶33} We find Mr. Haworth's argument that the trial court was silent as to his violations of community control meritless. The transcript reveals his admissions to violations of felonious drug use, which are "per se criminal in nature." Thus, we cannot say the trial court abused its discretion in revoking Mr. Haworth's community control sanctions and imposing a prison term.

{¶34} Mr. Haworth's second assignment of error is without merit.

**Sentencing**

{¶35} In Mr. Haworth's third assignment of error, he challenges the trial court's sentence following the revocation of his community control sanctions.

{¶36} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing

court." *State v. Ferrell*, 11th Dist. Portage No. 2017-P-0069, 2019-Ohio-836, ¶36, quoting R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." *Id.*, quoting R.C. 2953.08(G)(2)(a) and (b).

{¶37} Because Mr. Haworth failed to object to his sentence, "our review is limited to consideration of whether the trial court committed plain error." *Id.*, quoting *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024, ¶45. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome would have been otherwise. *Bika* at ¶19, citing *State v. Waxler*, 6th Dist. Lucas No. L-15-1214, 2016-Ohio-5435, ¶7, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶62.

{¶38} We emphasize that in sentencing a defendant following a community control violation, the trial court must comply with the relevant sentencing requirements. *Ferrell* at ¶36, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶17.

**Consecutive Sentences**

{¶39} In his third assignment of error, Mr. Haworth contends the trial court erred in sentencing him to five consecutive one-year prison terms for violating his community control because the trial court did not make the required findings pursuant to R.C. 2929.14(C) at both the sentencing hearing and in its sentencing entry. The state

10

concedes the trial court's error and requests a remand for a resentencing hearing. We agree.

{¶40} "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence is contrary to law and constitutes plain error." (Citation omitted.) *Bika* at ¶35, quoting *Ferrell* at ¶36.

{¶41} "Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

{¶42} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶43} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶44} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶45} "[T]o impose consecutive terms of imprisonment a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *Id.* at ¶40, quoting *Ferrell* at ¶37-38, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37, citing R.C. 2929.14(C)(4).

{¶46} In this case, the trial court did not make any findings during the sentencing hearing when it imposed a prison term following the revocation of Mr. Haworth's community control. In the sentencing judgment entry, the trial court recited two of the R.C. 2929.14(C)(4) findings. Thus, the entry states: "[t]he court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public."

{¶47} The entry omits a finding under R.C. 2929.14(C)(4)(a), (b), or (c). Thus, the trial court's imposition of consecutive sentences is contrary to law and plain error. As the Supreme Court of Ohio held in *Bonnell*, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *. Accordingly, the imposition of consecutive sentences in this case is contrary to law. Thus, we are constrained to reverse the judgment of the [trial court], vacate the sentence, and remand the matter to the trial court for resentencing." *Id.* at ¶37.

12

{¶48} Mr. Haworth's third assignment has merit since the record demonstrates and the state concedes that the requisite findings for consecutive sentences were not made. Thus, we reverse and remand. The trial court is instructed to resentence Mr. Haworth, and if it reimposes consecutive sentences, to make all necessary statutory findings pursuant to R.C. 2929.14(C)(4).

{¶49} The judgment of the Portage County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

{¶50} Case number 2019-P-0045 is hereby dismissed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.